IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DUAL CONTROL SYSTEMS, LLC<br><br>        Plaintiff,<br><br>   v.<br><br>SURE GRIP CONTROLS, INC.<br><br>        Defendant. | Civil Action No. 6:21-cv-13<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Dual Control Systems, LLC ("Dual Control" or "Plaintiff"), for its Complaint against Defendant Sure Grip Controls, Inc., ("Sure Grip" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.  Plaintiff Dual Control Systems, LLC is a limited liability company organized under the laws of the State of Delaware with a place of business at 3107 Boardwalk, Atlantic City, NJ 08401.

3.  Upon information and belief, Sure Grip is a corporation organized under the laws of the province of British Columbia, Canada with a place of business at 1949 Keating Cross Road, Sannichton, British Columbia, Canada V8M2A4. Upon information and belief, Sure Grip sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce

knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Sure Grip under the laws of the State of Texas, due at least to their substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.

7. Venue is also proper in this district as to Defendant Sure Grip, which is organized under the laws of the province of British Columbia, Canada, in light of 28 U.S.C. § 1391(c)(3) which provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

## BACKGROUND

### The Invention

8. Dan Quesnel and Jesse Cofske are the inventors of U.S. Patent No. 10,137,366 ("the '366 patent"). A true and correct copy of the '366 patent is attached as Exhibit A.

9. The '366 patent resulted from the pioneering efforts of Messrs. Quesnel and Cofske (hereinafter "the Inventors") in the area of joystick devices. These efforts resulted in the development of joystick systems and devices in the late 2010's. At the time of these pioneering

efforts, the most widely implemented technology used to address the problem of facilitating the complex array of functions of a remote electronic controller which is operated, at least in part, by a joystick device, was to locate switches away from the grip of handheld joysticks. The location of these remote switches requires the user to use multiple fingers. A drawback of such systems and devices is that they can be non-ergonomic and be difficult to manage during use. The Inventors conceived of the inventions claimed in the '366 patent as a way to make handheld controllers more ergonomic and to allow the complexity of buttons and features of joystick systems and devices to be more easily managed during use.

10. For example, the Inventors developed a joystick device for operating a remote main electronic controller, the joystick device having a casing configured to be gripped by a hand. The joystick device includes, in part, a cluster of switches on a side of the casing, such as a ten button keypad or POD switch cluster, configured to be operable by a thumb.

**Advantage Over the Prior Art**

11. The patented invention disclosed in the '366 patent provides many advantages over the prior art, and in particular provides improved operations of joystick devices. (*See* '366 patent at column 1, lines 14-17.) One advantage of the patented invention is that it provides a handheld controller that is more ergonomic than conventional devices and that allows the complexity of buttons and features operated by the controller to be more easily managed during use. (*See* ' 366 patent at column 1, lines 18-20.)

12. Because of these significant advantages that can be achieved through the use of the patented invention, Dual Control believes that the '366 patent presents significant commercial value for companies like Sure Grip. Indeed, Sure Grip's joystick handles have

adopted the features claimed in the '366 patent's joystick handles so as to include cluster switches, such as a ten button keypad or POD switch cluster.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,137,366**

13. The allegations set forth in the foregoing paragraphs 1 through 12 are incorporated into this First Claim for Relief.

14. On November 27, 2018, the '366 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Dual Joystick Controller"

15. Dual Control is the assignee and owner of the right, title and interest in and to the '366 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

16. Upon information and belief, Sure Grip has and continues to directly infringe one or more claims of the '366 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically one or more joystick devices, including joystick devices formed of a joystick base, a joystick handle and a switch cluster, which by way of example include joystick products formed of a JSM or JSL Series joystick base, an L Series joystick handle, such as an LE or LU series handle, and a switch cluster, such as a ten button keypad or POD switch cluster (https://www.suregripcontrols.com/about-general-brochure.pdf) (the "Accused Instrumentalities").

17. An exemplary infringement analysis showing infringement of claims 13, 14, 17 and 20 of the '366 patent is set forth in Exhibit B. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Sure Grip with respect to the '366 patent. Dual Control reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached charts should be construed as any

express or implied contention or admission regarding the construction of any term or phrase of the claims of the '366 patent.

18.     The Accused Instrumentalities infringed and continue to infringe claims 13, 14, 17 and 20 of the '366 patent during the pendency of the '366 patent.

19.     Sure Grip separately sells switch clusters, including ten button keypads and PODs, as well  joystick handles, including L Series joystick handles, such as LE and LU series handles, equipped with such switch clusters.

20.     At least as early as Sure Grip's notice of the filing of this complaint, Sure Grip has had knowledge of the '366 patent.

21.     Sure Grip has induced and continues to induce others to infringe at least claims 13, 14, 17 and 20 of the ' 366 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Sure Grip's partners and customers, whose combination of Sure Grip cluster switches with Sure Grip joy stick bases and handles, and combination of Sure Grip handles equipped with Sure Grip cluster switches with Sure Grip joystick bases constitutes direct infringement of at least claims 13, 14, 17 and 20 of the '366 patent.

22.     In particular, Sure Grip's actions that aid and abet others, such as their partners and customers, to infringe, include distributing Sure Grip cluster switches and distributing Sure Grip handles equipped with Sure Grip cluster switches and providing materials and/or services related to the combination of Sure Grip cluster switches with Sure Grip joy stick bases and handles and the combination of Sure Grip handles equipped with Sure Grip cluster switches Sure Grip joystick bases with specific intent to cause infringement or with willful blindness to the resulting infringement because the Sure Grip has had actual knowledge of the '366 patent and

that its acts were inducing infringement of the '366 patent since at least as early as Sure Grip's notice of the filing of this complaint, Sure Grip has had knowledge of the '366 patent.

23. In particular, Sure Grip's brochure, https://www.suregripcontrols.com/about-general-brochure.pdf, provides details about and offers to sell, not only the Accused Instrumentalities, but provides details about and offers to sell, Sure Grip cluster switches and Sure Grip handles equipped with Sure Grip cluster switches to be combined with Sure Grip cluster switches with Sure Grip joy stick bases and handles, respectively, to induce customers and potential customers to make the Accused Instrumentalities.

24. Upon information and belief, since Sure Grip had knowledge of the '366 patent at least as early as Sure Grip's notice of the filing of this complaint, Sure Grip is liable as a contributory infringer of the '366 patent under 35 U.S.C. § 271(c) by offering to sell, selling Sure Grip cluster switches and Sure Grip handles equipped with Sure Grip cluster switches especially made or adapted for use in an infringement of the '366 patent. The Sure Grip cluster switches and Sure Grip handles equipped with Sure Grip cluster switches are material components for use in practicing the '366 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

25. On information and belief, since Sure Grip had knowledge of the '366 patent at least as early as Sure Grip's notice of the filing of this complaint, Sure Grip has had knowledge of the '366 patent, Sure Grip's infringement has been and continues to be willful.

26. Dual Control has been harmed by the Sure Grip's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Dual Control demands a trial by jury on all issues triable as such.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dual Control demands judgment for itself and against Defendant Sure Grip as follows:

A.   An adjudication that Sure Grip has infringed the '366 patent;

B.   An award of damages to be paid by Sure Grip adequate to compensate Dual Control for Sure Grip's past infringement of the '366 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.   A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Dual Control's reasonable attorneys' fees; and

D.   An award to Dual Control of such further relief at law or in equity as the Court deems just and proper.

Dated: January 8, 2021                               DEVLIN LAW FIRM LLC

 

*/s/ Alex Chan*
Timothy Devlin
Alex Chan
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff Dual Control, LLC*